Michael A. Zimmerman (MZ2076)
ZIMMERMAN LAW, P.C.
315 Walt Whitman Road, Suite 215
Huntington Station, NY 11746

*Counsel for Tremont Diagnostic Imaging,
P.C. and Charles DeMarco, M.D.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY, and
GEICO CASUALTY COMPANY

                    *Plaintiff,*

-against-

TREMONT DIAGNOSTIC IMAGING, P.C., d/b/a
BRONX IMAGING NYC, CHARLES DEMARCO,
M.D., AAA MANAGEMENT NYC LLC, ALBERT
FOOZAILEV, JOSEPH STERN, and JOHN DOE
DEFENDANTS 1-10

                    *Defendants*

---------------------------------------------------------------x

Docket No.19-cv-05158 (KAM)(SMG)

**ANSWER TO COMPLAINT**

    Defendants TREMONT DIAGNOSTIC IMAGING, P.C. AND CHARLES DEMARCO, M.D., by their attorneys ZIMMERMAN LAW, P.C. as and for their Answer to the complaint herein allege as follows upon information and belief:

**NATURE OF ACTION**

    1.    Defendants admit that, by virtue of the pleaded claims in the Complaint, Plaintiffs purport to seek damages as alleged in paragraph 1. Defendants admit that Tremont Diagnostic Imaging, P.C. d/b/a Bronx Imaging NYC is a radiology professional corporation. Defendants deny all other allegations in paragraph 1.

2. The defendants deny the allegations in paragraph 2 of the complaint.

3. Defendants admit that CHARLES DEMARCO, M.D. is a physician licensed to practice medicine in the State of New York with a specialty in Radiology and that he was the sole shareholder of TREMONT DIAGNOSTIC IMAGING, P.C. d/b/a BRONX IMAGING NYC, (hereinafter "Tremont") a domestic professional services corporation organized and existing under New York Bus. Corp. L. Article 15 through which radiology services including MRI studies were properly performed and billed to insurance companies including but not limited to GEICO and that it submitted proper and lawful charges for such radiology services provided to patients undergoing MRI examinations and except as expressly admitted herein deny all other allegations in paragraph 3.

4. Defendants admit that by virtue of the pleaded claims, plaintiffs seek to recover monies that have been paid to defendants in the sum of $395,000 and except as expressly admitted herein deny all other allegations in paragraph 4, 4(i), 4(ii) and 4(iii).

5. Defendants admit the allegations in paragraph 5(i); deny the allegations in paragraph 5(ii); deny the allegations in paragraph 5(iii) except that Charles DeMarco is a physician licensed to practice medicine in the State of New York; and deny knowledge or information sufficient to form a belief as to the legal members of AAA Management NYC LLC (hereinafter "AAA"), admit that said company is a New York Limited Liability Company and deny all remaining allegations in paragraph 5(iv).

6. The defendants deny the allegations in paragraphs 6, 7 and 9 of the complaint. To the extent that any services may have been inadvertently performed by an independent contractor, said services were mistakenly billed to GEICO, not fraudulently billed.

7. The defendants admit that paragraph 8 of the complaint that Exhibit "1" sets

forth a sampling of some billing submitted to the plaintiff by Tremont. Except as expressly admitted herein the defendants deny all other allegations and specifically deny that Exhibit "1" establishes proof of fraud or fraudulent intent.

**THE PARTIES**

8. The defendants admit the allegation in paragraph 10 of the complaint.

9. The defendants admit that Tremont was organized on July 26, 2017 and was doing business as a duly authorized professional services corporation under NY Bus. Corp. L. Art. 15, located at 858 East Tremont Avenue, Bronx, NY. Except as expressly admitted herein, the defendants deny all other allegations in paragraph 11 of the complaint.

10. Defendants admit the allegations in paragraph 12 of the complaint that DeMarco resides and is a citizen of the State of New York and that he is the sole shareholder of Tremont and performs radiology services on behalf of Tremont. Except as expressly admitted herein the defendants deny all other allegations.

11. The defendants admit the allegations in paragraph 13 of the complaint that AAA is a duly formed New York Limited Liability Company, deny knowledge or information sufficient to establish that the legal members are Albert Foozailov and Joseph Stern, neither of whom are healthcare professionals, but acknowledge that they represented themselves as the members of said company. Except that as expressly admitted herein the defendants deny all other allegations and specifically deny any knowledge of who John Does 1 through 10 are, deny ownership and control of Tremont by AAA, Albert Foozailov and/or Joseph Stern; deny splitting fees with AAA, Albert Foozailov and/or Joseph Stern; and deny providing or attempting to provide economic benefit to AAA in contravention of New York law.

12. The defendants admit the allegation in paragraph 14 of the complaint that Joseph Stern is a citizen of the State of New York and is not a healthcare provider. Except as

13

expressly admitted herein the defendants deny all other allegations and specifically deny that Joseph Stern controlled and derived economic benefit from and split fees with Tremont in contravention of New York law.

13. The defendants admit the allegation in paragraph 15 of the complaint that Albert Foozailev is a citizen of the State of New York and is not a healthcare professional. Except as expressly admitted herein the defendants deny all other allegations and specifically deny that Albert Foozailev controlled and derived economic benefit from and split fees with Tremont in contravention of New York law

14. The defendants deny the allegations in paragraph 16 of the complaint and, more specifically, deny that anyone other than DeMarco controlled Tremont and derived or attempted to derive economic benefit from Tremont in contravention of New York law.

15. The defendants admit the allegations in paragraphs 17 and 18.

16. The defendants deny in the form alleged the allegations in paragraph 19 of the complaint except admit that Matteo was an employee of Tremont and that his employment was terminated by Foozailev at the direction of DeMarco.

17. The defendants deny in the form alleged the allegations in paragraph 20 of the complaint except admit that Matteo received a summons for federal jury duty, that his employment was terminated by Foozailev at the direction of DeMarco, that Matteo filed a lawsuit in the United States District Court for the Southern District of New York, Docket No. 1:17-cv-09756 (AJN) which matter was withdrawn by Matteo with prejudice and without costs on March 14, 2018 but deny that Matteo's employment was terminated because he received a jury summons.

18. The defendants admit the allegations in paragraph 21 to the extent that a process server alleged service upon Foozailev by serving his alleged co-worker (who was actually an

employee of AAA), Jasmine Monroig. This individual was performing receptionist duties at TREMONT's place of business pursuant to the agreement between the two companies.

19. The defendants admit the allegations in paragraphs 22 and 23 of the complaint.

20. The defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 24 of the complaint except admit that Foozailev was sentenced to 66 months of incarceration to commence in January 2020.

## JURISDICTION AND VENUE

21. Defendants admit that, by virtue of the pleaded bases of Jurisdiction and Venue, this court has jurisdiction over the claims in this matter and that venue is proper. Except as expressly admitted herein, Defendants deny all other allegations in paragraphs numbered 25, 26, 27 and 28 of the complaint, and, more specifically deny that the defendants engaged in any conduct that constitutes a violation of 18 USC §§1961 et seq, the Racketeer Influenced and Corrupt Organization Act ("RICO") or New York Law. Defendants admit that one or more defendants reside in and that the business of TREMONT are in the Eastern District.

## ALLEGATIONS COMMON TO ALL CLAIMS

22. The defendants admit the allegation in paragraph 29 of the complaint.

23. The defendants admit the allegations in paragraphs 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43 and 44. Except as expressly admitted, the defendants deny any other allegations.

24. The defendants deny the allegations in paragraph 45 and 46 of the complaint except that DEMARCO did pay himself moneys from TREMONT through another company created and owned by DEMARCO.

25. The defendants deny the allegations in paragraph 47 of the complaint except admits that AAA took over the space and equipment of a prior radiology practice.

26. The defendants deny the allegations in paragraph 48 of the complaint to the extent they have knowledge.

27. The defendants deny the allegations in paragraph 49 of the complaint except admit that the defendants were introduced to DeMarco for the legitimate and legal purpose of subleasing the Tremont premises to a physician who could operate the location as a radiology practice.

28. The defendants admit the allegations in paragraphs 50 (i) (ii) (iii) and (iv) that they proposed a perfectly legal and legitimate purpose of leasing the Tremont facility including the MRI machine and managing the non-medical aspects of the radiology practice.

29. The defendants deny the allegations in paragraphs 51, 52, 53 and 54 of the complaint.

30. The defendants deny in the form alleged the allegations in paragraph 56 (i), (ii) and (iii) of the complaint except admit that in order to induce defendant DeMarco to lease the facility, the co-defendants, renovated the office space and repaired and refurbished the radiology equipment at their expense.

31. The defendants deny in the form alleged the allegations in paragraph 57 of the complaint except admit that the co-defendants paid for renovations of the office space and refurbishing of the radiology equipment and thereafter defendants agreed to sublease the space and operate a radiology practice that would have the non-medical aspects managed by AAA with Foozailev acting as practice manager pursuant to a legitimate and legal License and Administrative/Management Services agreement, a sublease for the office space and a lease agreement for use of the radiology equipment.

32. The defendants deny the allegations in paragraph 58 of the complaint except that TREMONT did commence operating.

33. The defendants deny the allegations in paragraph 59 of the complaint.

34. The defendants deny the allegations in paragraphs 60, 61, 62, 63, 64 and 65 of the complaint.

35. The defendants deny the allegations in paragraph 66 of the complaint except that defendants acknowledge that DiMatteo sued Foozailov, who acted under the direction of DeMarco, and TREMONT.

36. The defendants deny the allegations in paragraphs 67 of the complaint except that DEMARCO acknowledges that he did not remember Jay DiMatteo who was employed for a short time in 2017 and whom he directed Foozailov to fire approximately one and a half years prior to the examination under oath. TREMONT was neither served with nor answered said lawsuit before it was withdrawn.

37. The defendants deny the allegations in paragraphs 68 and 69 of the complaint.

38. The defendants deny the allegations in the form alleged in paragraphs 70 except that DEMARCO paid himself primarily through CDC Radiology, PLLC as he does with the other companies he owns and operates under the advice of his accountant.

39. The defendants deny the allegations in paragraphs 71 and 72 of the complaint.

40. The defendants deny the allegations in the form alleged in paragraph 73 of the complaint except admit the allegations in paragraphs 73 (i), (ii), (iii), (iv), (v) and (vi) all of which describe activities and conduct that is legal and legitimate and as such are not proof of fraud.

41. The defendants deny the allegations in the form alleged in paragraph 74 of the complaint and 74 (iv) as an employee of Middle Village Diagnostic Imaging, P.C. (a company owned by DEMARCO) provides bookkeeping and ADP does payroll; defendants admit the allegations in paragraphs 74 (i), (ii), (iii), (v) and (vi) all of which describe activities and conduct

that is legal and legitimate and as such are not proof of fraud.

42. The defendants deny the allegations in the form alleged in paragraphs 75, 76, 77, 78, 79 and 81 of the complaint, and, more specifically, deny that when a patient presents a properly completed prescription for an imaging study that documents the reason for the study it is necessary for the radiologist to confer directly with the referring physician in every case. In addition, radiologists rarely examine patients before imaging studies are performed as it is not necessary for the radiologist to be on site when the imaging study is performed. DEMARCO admits that he was generally not present when the radiology tests were conducted, did not generally examine patients or call referring physicians to consult regarding the testing.

43. The defendants deny the allegations in the form alleged in paragraph 80 of the complaint except admit that he does not recall visiting during the time period presented and did read radiological scans remotely as is the practice in the field.

44. The defendants deny the allegations in the form alleged in paragraph 82 of the complaint and states that DEMARCO is the legitimate owner and operates TREMONT and his other businesses in a similar manner to each other.

45. The defendants deny the allegations in the form alleged in paragraph 83 of the complaint.

46. The defendants deny the allegations in the form alleged in paragraph 84 of the complaint and admit the allegations in paragraphs 84 (i), (ii), (iii) not including the radiological technician and (iv) all of which describe activities and conduct that is legal and legitimate and as such are not proof of fraud.

47. The defendants deny the allegations in paragraphs 85, 86, 87, 88 and 89 of the complaint.

48. The defendants admit the allegations in paragraph 90 of the complaint.

49. The defendants deny the allegations in paragraphs 91, 92 and 93 (i), (ii), (iii),

13

(iv), (v), (vi), (vii), (viii), (ix) and (x) of the complaint except admit that they caused the submission of bills that were unknowingly or unintentionally in violation of ground rule #3.

50. The defendants deny the allegations in paragraph 94 of the complaint in that they deny that they submitted any billing to the plaintiffs that was knowingly or intentionally in violation of Ground Rule 3.

51. The defendants deny the allegations in paragraphs 95, 96, 97, 98, 99, 100 and 101 of the complaint.

52. The defendants deny the allegations and examples of improper billing referred to in paragraph 102 (i) through (xix), 103, 104, 105 and 106 of the complaint in that they deny any claim of purposely, fraudulently, knowingly or intentionally making any illegal effort to avoid reductions contained within the Ground Rules using any method claimed by plaintiffs therein.

53. The defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraphs 107 and 108 of the complaint.

54. The defendants deny the allegations in the form alleged in paragraph 109, 110 (i) through (x) and 111 of the complaint to the extent that it alleges "routinely" and defendants assert that the referrals were properly completed with proper documentation of the reason for the testing from the referring healthcare provider.

55. The defendants deny in the form alleged the allegations in paragraph 112 of the complaint.

56. The defendants deny the allegations in paragraphs 113 and 114 of the complaint.

57. The defendants deny the allegations in paragraph 115 of the complaint except admit that TREMONT unintentionally had independent contractors occasionally

read diagnostic tests for no-fault patients and billed for same. Defendants deny any fraudulent intent. The reports included their names and DEMARCO admitted when asked if individuals were independent contractors or employees.

58. The defendants neither admit nor deny the allegation in paragraph 116 of the complaint to the extent that it describes the policy of the NYS Department of Financial Services regarding the use of independent contractors to treat no-fault patients and, unless expressly admitted, denies any claims of wrongdoing.

59. The defendants deny the allegations in paragraphs 117, 118, 119, 120, 121 and 122 of the complaint except admit that TREMONT unintentionally had independent contractors occasionally read diagnostic tests for no-fault patients and billed for same. Defendants deny any fraudulent intent. The reports included their names and DEMARCO admitted when asked if individuals were independent contractors or employees.

60. The defendants deny the allegations in paragraphs 123 and 124 (i) through (iii) of the complaint. Defendants admit and assert that TREMONT submitted forms and treatment reports representing that TREMONT was lawfully licensed and therefore eligible to receive No-Fault reimbursement for services pursuant to Insurance Law 5102(a)(1) and 11 NYCRR 65-3.16(a)(12).

61. The defendants admit the allegation in paragraph 125 of the complaint and further admit that they did act ethically and honestly.

62. The defendants deny the allegations in paragraphs 126, 127, 128, 129, 130, 131 and 132 of the complaint.

63. The defendants deny the allegations in paragraphs 133 and 134 of the complaint but admit that they hired law firms to pursue reimbursement for which

defendants believe they were rightfully and legally entitled. Plaintiffs are legally obligated to promptly and fairly process claims within 30 days with exceptions and tolling provisions.

64. The defendants deny the allegations in paragraph 135 of the complaint.

**ANSWERING THE FIRST CAUSE OF ACTION**

65. The defendants repeat and reiterate each and every response to the allegations in paragraphs 1 through 135 of the complaint as if set forth fully and at length hereinafter.

66. The defendants deny the allegations in paragraph 137, 138, 139 and 140 of the complaint.

67. The defendants deny that plaintiffs are entitled to declaratory relief under 28 U.S.C. §§ 2201 and 2202 as alleged in paragraph 141 of the complaint.

**ANSWERING THE SECOND CAUSE OF ACTION**

68. The defendants repeat and reiterate each and every response to the allegations in paragraphs 1 through 141 of the complaint as if set forth fully and at length hereinafter.

69. The defendants deny the allegations in paragraphs 143, 144, 145, 146 and 147 of the complaint.

70. The defendants deny that plaintiffs are entitled to recover under 18 U.S.C. §1964(c) as alleged in paragraph 148 of the complaint.

**ANSWERING THE THIRD CAUSE OF ACTION**

71. The defendants repeat and reiterate each and every response to the allegations in paragraphs 1 through 148 of the complaint as if set forth fully and at length hereinafter.

72. The defendants deny the allegations in paragraphs 150, 151, 152, 153 and 154 of the complaint.

73. The defendants deny that that plaintiffs are entitled to recover under 18 U.S.C. §1964 (c) as alleged in paragraph 155 of the complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

74. The defendants repeat and reiterate each and every response to the allegations in paragraphs 1 through 155 of the complaint as if set forth fully and at length hereinafter.

75. The defendants deny the allegations in paragraphs 157, 158, 159, 160, 161 and 162 of the complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

76. The defendants repeat and reiterate each and every response to the allegations in paragraphs 1 through 162 of the complaint as if set forth fully and at length hereinafter.

77. The defendants deny the allegations in paragraph 164, 165, 166, 167 and 168 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

78. The defendants were engaged in a legally organized business for a legitimate purpose and did not defraud the plaintiffs

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

79. The management services rendered to Tremont by AAA were legitimate.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

80. Tremont paid AAA the fair market value of the radiology equipment leased to it by AAA.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

81. All healthcare professionals including radiology technicians working at the facility were employees of Tremont.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

82. The amount paid by Tremont to AAA for rent of the facility space under the

sublease was in accord with the primary lease from Gurfel Realty Corp. to AAA.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

83. Plaintiffs defended arbitrations and litigation and the decisions in those matters serves as res judicata for those claims.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

84. Plaintiffs' complaint fails to state a cause of action for enterprise corruption.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

85. Nothing the defendants did or failed to do in the operation of AAA constitutes a violation of 18 U.S.C. 1964 (c).

**WHEREFORE,** the defendants demand judgment dismissing the complaint in its entirety together the costs and disbursements incurred in defending this action.

Dated: December 20, 2019
      New York, NY

ZIMMERMAN LAW, P.C.

BY: *Michael A. Zimmerman*
Michael A. Zimmerman (MZ2076)
315 Walt Whitman Road, Suite 215
Huntington Station, NY 11746
(631) 415-0900

*Counsel for Tremont Diagnostic Imaging, P.C. and Charles DeMarco, M.D.*